**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| BILLY SMALLEY | § | |
| | § | |
| | § | |
| vs. | § | C.A. NO.: 3:21-cv-1313 |
| | § | |
| JAMES WILLIAMS AND NEW PRIME, INC. | § | |

## INDEX OF STATE COURT DOCUMENTS

| TAB | DOCUMENT | DATE |
|---|---|---|
| 1 | Plaintiff's Original Petition | 04/29/2021 |
| 2 | Jury Demand | 04/29/2021 |
| 3 | Citation Issued to New Prime, Inc. | 04/29/2021 |
| 4 | Return of Service of Citation on New Prime, Inc. | 05/18/2021 |
| 5 | Defendants' Original Answer | 05/28/2021 |
| 6 | Court's Case Information Sheet | |

FILED
4/29/2021 9:53 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Danitra Wilkerson DEPUTY

2 CITATIONS ISSUE3-S   Document 1-3   Filed 06/08/21   Page 2 of 23   PageID 10

DC-21-05477

## CAUSE NO. _____

| | | |
|---|---|---|
| **BILLY SMALLEY;** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **JAMES WILLIAMS; AND NEW PRIME, INC.;** | § | 116th |
| | § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Billy Smalley files Plaintiff's Original Petition complaining of

Defendants James Williams and New Prime, Inc.

## I.  DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190

of the TEXAS RULES OF CIVIL PROCEDURE.

## II.  RULE 47 PLEADING REQUIREMENTS

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's

counsel states that the damages sought are in an amount within the

jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil

Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over

$250,000 but not more than $1,000,000.  The amount of monetary relief actually

awarded, however, will ultimately be determined by a jury.  Plaintiff also seeks

pre-judgment and post-judgment interest at the highest legal rate.

Tab 1

### III.  PARTIES

Plaintiff Billy Smalley is an individual resident of DeSoto, Dallas County, Texas. His driver's license number is *****533 and his social security number is ***-**-*411.

Defendant James Williams is an individual resident of Ashtabula, Ashtabula County, Ohio and may be served with process at 1533 West 9th Street, Ashtabula, Ohio 44004.

Defendant New Prime, Inc. is a corporation doing business in Austin, Travis County, Texas and may be served with process by serving its registered agent, InCorp Services, Inc., at 815 Brazos Street, Austin, Texas 78701.

### IV.  JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

This Court has venue over the parties to this action since the incident complained of herein occurred in Dallas County, Texas. Venue therefore is proper in Dallas County, Texas pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

### V.  FACTS

This lawsuit arises out of a motor vehicle collision that occurred on or about Friday, May 8, 2020 at or near the intersection of Scyene Road and Elsie Faye Heggins Street within the city limits of Dallas, Dallas County, Texas. Plaintiff Billy Smalley was operating his vehicle northbound on Elsie Faye Heggins Street in the middle lane.  Defendant James Williams was operating his

18-wheeler northbound on Elsie Faye Heggins Street in the right lane.

Defendant James Williams was in the course and scope of his employment with

and operating under the Federal Motor Carrier authority of Defendant New

Prime, Inc.  Defendant James Williams made an unsafe lane change into

Plaintiff's lane colliding hard with the passenger's side of Plaintiff's vehicle.  As a

result of the collision, Plaintiff was injured and continues to suffer injuries and

damages from this incident.

## VI.  CAUSES OF ACTION

### A.      NEGLIGENCE – DEFENDANT JAMES WILLIAMS

At the time of the motor vehicle collision, Defendant James Williams was

operating his 18-wheeler negligently. Specifically, Defendant had a duty to

exercise ordinary care and operate his 18-wheeler reasonably and prudently.

Defendant breached that duty in one or more of the following respects:

1.      Defendant did not keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

2.      Defendant changed lanes when such movement could not be made safely in violation of TEX. TRANSP. CODE §545.060;

3.      Defendant did not drive in a single lane;

4.      Defendant did not keep an assured safe distance from Plaintiff's vehicle;

5.      Defendant did not timely apply the brakes of his 18-wheeler in order to avoid the collision in question; and

6.      Defendant was operating said 18-wheeler at a greater rate of speed than a person of ordinary care and prudence would have done under the same or similar circumstances in violation of TEX. TRANSP. CODE §545.351.

**B.     NEGLIGENT ENTRUSTMENT – DEFENDANT NEW PRIME, INC.**

As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Defendant New Prime, Inc. was the owner of the vehicle driven by Defendant James Williams.  Defendant New Prime, Inc. entrusted the vehicle to Defendant James Williams. Defendant James Williams was unlicensed, incompetent, and/or reckless and Defendant New Prime, Inc. knew or should have known that Defendant James Williams was unlicensed, incompetent, and/or reckless.  Defendant James Williams' negligence on the occasion in question proximately caused the collision.

**C.     RESPONDEAT SUPERIOR – DEFENDANT NEW PRIME, INC.**

Additionally, Plaintiff would show that at the time and on the occasion complained of, Defendant James Williams was in the course and scope of his employment with Defendant New Prime, Inc. thereby making Defendant New Prime, Inc. liable under the doctrine of *Respondeat Superior*.

**D.     NEGLIGENCE – DEFENDANT NEW PRIME, INC.**

Defendant New Prime, Inc. negligently hired and retained Defendant James Williams.  Moreover, Defendant New Prime, Inc. failed to properly qualify, train and/or supervise Defendant James Williams in order to prevent such collision.

**F.     GROSS NEGLIGENCE – DEFENDANT NEW PRIME, INC.**

In addition to actual damages, Plaintiff seeks to recover exemplary or punitive damages from Defendant New Prime, Inc., because Defendant's conduct was of such character as to constitute gross negligence. Defendant New

Prime, Inc.'s actions in connection with the collision involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and to other users of the public roadways. Defendant New Prime, Inc. had actual, subjective knowledge of the risk involved, but nevertheless acted in conscious indifference to the rights, safety, and welfare of others, including the Plaintiff, when Defendant New Prime, Inc. chose to allow Defendant James Williams to operate a vehicle under Defendant New Prime, Inc.'s motor carrier authority on public roadways at the time of the collision.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

## VII.  DAMAGES

As a proximate result of Defendants' negligence, Plaintiff suffered extensive injuries and damages. As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

a.      Medical expenses in the past and future;

b.      Lost wages in the past and loss of earning capacity in the future;

c.      Property damage and loss of use of Plaintiff's vehicle;

d.      Disfigurement;

e.      Physical pain and suffering in the past and future;

f.      Mental anguish in the past and future; and

g.      Physical impairment in the past and future.

## VIII.  INTENT TO USE DEFENDANTS' DOCUMENTS

Plaintiff hereby gives notice of intent to utilize items produced in discovery against the party producing same.  The authenticity of such items is self-proven per TRCP 193.7.

## IX.  JURY TRIAL

Plaintiff demands a trial by jury and includes the appropriate jury fees.

## X.  U.S. LIFE TABLES

Notice is hereby given to the Defendants that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XI.  RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein, and that upon final hearing thereof, Plaintiff recover judgment against Defendants for:

a.  Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

b.  Plaintiff's future medical expenses;

c.  Plaintiff's lost wages in the past and loss of earning capacity in the future;

d.  Plaintiff's property damage and loss of use of Plaintiff's vehicle;

e.  Plaintiff's disfigurement;

f.  Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

g.  Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

h.      Plaintiff's physical impairment in the past and future in an amount to
        be determined by the jury;

i.      Interest on the judgment at the legal rate from the date of judgment;

j.      Pre-judgment interest on Plaintiff's damages as allowed by law;

k.      All costs of court; and

l.      Such other and further relief to which Plaintiff may be justly entitled.


                        Respectfully submitted,

                        **WITHERITE LAW GROUP, PLLC**

                BY: */s/ Lauren Jobin*
                        **LAUREN JOBIN**
                        State Bar No. 24081263
                        lauren.jobin@witheritelaw.com
                        **SHELLY GRECO**
                        State Bar No. 24008168
                        shelly.greco@witheritelaw.com
                        10440 N. Central Expressway
                        Suite 400
                        Dallas, TX 75231-2228
                        214/378-6665
                        214/378-6670 (fax)

                        **ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Samantha Hanks on behalf of Lauren Jobin
Bar No. 24081263
Samantha.Hanks@witheritelaw.com
Envelope ID: 52977147
Status as of 5/3/2021 2:32 PM CST

Associated Case Party: BILLY SMALLEY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Samantha Hanks | | samantha.hanks@witheritelaw.com | 4/29/2021 9:53:36 PM | SENT |
| Lauren Jobin | | lauren.jobin@witheritelaw.com | 4/29/2021 9:53:36 PM | SENT |



FELICIA PITRE
DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

## CAUSE NO. DC-21-05477

BILLY SMALLEY

vs.

JAMES WILLIAMS, et al

116th District Court

## <u>ENTER DEMAND FOR JURY</u>

JURY FEE PAID BY: BILLY SMALLEY

FEE PAID: $40.00

600 COMMERCE STREET DALLAS, TEXAS 75202 (214) 653-7261
FAX (214)653-7781 E-mail: Felicia.Pitre@dallascounty.org
Web site: http://www.dallascounty.org/distclerk/index.html

*Tab 2*

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

To:    NEW PRIME, INC.
       SERVING  ITS REGISTERED AGENT INCORP SERVICES, INC.
       815 BRAZOS STREET
       AUSTIN TEXAS 78701

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and  petition, a default judgment may be taken
against you. In addition to filing a written answer with the clerk, you may be required to make initial
disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days
after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be
addressed to the clerk of the **116th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **BILLY SMALLEY**

Filed in said Court  **29th day of April, 2021** against

**JAMES WILLIAMS AND NEW PRIME, INC.**

For Suit, said suit being numbered <u>**DC-21-05477,**</u> the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies
this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 6th day of May, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
       DANIEL MACIAS



| | |
|---|---|
| **ESERVE** | |
| **CITATION** | |
| **DC-21-05477** | |
| **BILLY SMALLEY** | |
| vs. | |
| **JAMES WILLIAMS, et al** | |
| ISSUED THIS | |
| **6th day of May, 2021** | |
| FELICIA PITRE | |
| Clerk District Courts, | |
| Dallas County, Texas | |
| By:  DANIEL MACIAS, Deputy | |

**Attorney for Plaintiff**
**LAUREN JOBIN**
WITHERITE LAW GROUP PLLC
10440 N CENTRAL EXPY
STE 400
DALLAS TX  75231
214-378-6665
Lauren.jobin@witheritelaw.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

Tab 3

FILED
5/18/2021 3:43 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Deondria Grant DEPUTY

Case 3:21-cv-01313-S   Document 1-3   Filed 06/08/21   Page 12 of 23   PageID 20

## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Dallas**                    **116th Judicial District Court**

Case Number: DC-21-05477

Plaintiff:
**BILLY SMALLEY**

vs.

Defendant:
**JAMES WILLIAMS, ET AL**

Received by STINNETT PROCESS, LLC on the 7th day of May, 2021 at 3:05 pm to be served on **New Prime, Inc. c/o RA: Incorp Services, Inc., 815 Brazos Street, Austin, TX 78701**.

I, Barbara C. Stinnett, being duly sworn, depose and say that on the **11th day of May, 2021** at **1:35 pm, I:**

Delivered a true copy of the **Citation; Plaintiff's Original Petition** with the date of service endorsed thereon by me, to **New Prime, Inc. c/o RA: Incorp Services, Inc.**, by delivering to its designated agent, **Lori Galindo**, at the address of **815 Brazos Street, Austin, TX 78701, Travis County,** and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

State of _Texss_, County of _Travis_

Subscribed and Sworn to before me on the _12_ day of _May_, _2021_ by the affiant who is personally known to me.

_____
NOTARY PUBLIC

**Barbara C. Stinnett**
PSC-1181; Exp: 07/31/2022

**STINNETT PROCESS, LLC**
**15511 HWY 71 WEST**
**STE. 110-143**
**BEE CAVE, TX 78738**
**(512) 797-3399**

Our Job Serial Number: SNN-2021000872
Ref: New Prime - Incorp



MICHAEL R STINNETT
Notary ID #126498663
My Commission Expires
December 3, 2022

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1u

**Tab 4**

# OFFICER'S RETURN

Case No. : DC-21-05477

Court No.116th District Court

Style: BILLY SMALLEY

vs.

JAMES WILLIAMS, et al

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at _____.

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____.

20_____, by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|  | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $ _____ | of _____ County, _____ |
| For Notary | $_____ | By _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Nora Garcia on behalf of Lauren Jobin
Bar No. 24081263
nora.garcia@witheritelaw.com
Envelope ID: 53566604
Status as of 5/19/2021 10:34 AM CST

Associated Case Party: BILLY SMALLEY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lauren Jobin | | lauren.jobin@witheritelaw.com | 5/18/2021 3:43:21 PM | SENT |

FILED
5/28/2021 10:15 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Miranda Lynch DEPUTY

CAUSE NO.:  DC-21-05477

| | | |
|---|---|---|
| BILLY SMALLY, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 116th  JUDICIAL DISTRICT |
| | § | |
| NEW PRIME, INC. | § | |
| and JAMES WILLIAMS, | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER

COME NOW  NEW PRIME, INC. and JAMES WILLIAMS ("Defendants") and files this Original Answer to Plaintiff's Original Petition in the above-styled and numbered case, and would respectfully show unto the Court the following:

## GENERAL DENIAL

1.      As is authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendants deny each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the credible evidence.

## AFFIRMATIVE DEFENSES

2.      Defendants plead they are entitled to submission and consideration of Plaintiff's recovery of medical or health expenses incurred, and that said damages awarded by the jury should be limited to the amount actually paid or incurred by on behalf of Plaintiff in accordance with C.P.R.C. Section 41.0105 [Evidence Relating to Amount of Economic Damages].

3.      Defendants affirmatively plead that Plaintiff's recovery of alleged damages are barred to the extent they were caused or contributed to by Plaintiff's failure to make reasonable efforts to mitigate the same.

**Tab 5**

4.     Defendants further assert application of Texas Civil Practice & Remedies Code Section 18.091, requiring evidence related to loss of earnings, loss of earning capacity, and loss contribution of a pecuniary value, or loss of inheritance, to be presented in the form of a *net loss* after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.  Defendants further request that the Court instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff is subject to federal or state income taxes.

5.     Defendants asserts their rights and remedies pursuant to Chapter 41 of the TEX. CIV. PRAC. & REM. CODE and the applicable limitation on the amount of exemplary or punitive damages awarded to Plaintiff, if at all, by the jury in this matter.  In addition, but not limited by, Defendants would further assert that all claims for punitive damages be established by culpable acts or omissions and proximate causation as provided in Section 41.003 and 41.001; found unanimously by the jury as to liability and the amount of punitive damages pursuant to 41.003(d); be limited on recovery and prejudgment interest as addressed in 41.007.

6.     Further, Defendant asserts that an award of exemplary damages would be improper because it would be grossly excessive or arbitrary and would violate the Defendant's right of due process as set forth in the Fourteenth Amendment of the U.S. Constitution and Texas Constitution Article I, Section 19.

7.     Pleading further, Defendant asserts that an award of exemplary damages would be improper because: (1) any such award would be too great when compared with the degree of reprehensibility of Defendant's alleged misconduct; (2) the disparity between any such award and the harm allegedly suffered by Plaintiff would be too great; and (3) the difference between any such award and any civil penalties, whether authorized or imposed, would be too great.

8.      Defendants plead further that an award of exemplary damages would be improper because it would be a windfall that exceeds Plaintiff's right to a remedy for Plaintiff's injury by due course of law, as set forth in Texas Constitution Article I, Section 13.

9.      Additionally, an award of exemplary damages would be improper because it would be wholly or partly compensatory and would constitute a double recovery by Plaintiff for the same alleged damages.

10.     An award of exemplary damages would be improper because it would violate the proscription against excessive fines in the Eighth Amendment of the U.S. Constitution and Texas Constitution Article I, Section 13.

11.     An award of exemplary damages would be improper if based upon the "preponderance of evidence" standard of proof.  Due process requires that exemplary damages be proved beyond a reasonable doubt, or in the alternative, by clear and convincing evidence.  Tex. Civ. Prac. & Rem. Code Ann. § 41.003.

12.     An award of exemplary damages would be improper without procedural safeguards greater than those afforded by the Texas Rules of Civil Procedure and the Texas Civil Practice and Remedies Code because exemplary damages are quasi-criminal in nature, and Defendants are entitled to all those protections and safeguards guaranteed by the Fifth, Eighth and Fourteenth Amendments of the U.S. Constitution.

13.     Defendants would show that Texas law places a limitation or "cap" on the exemplary damages or statutory damages which Plaintiff seeks.  Plaintiff's claims for punitive damages are limited to: (1)(a) two times the amount of economic damages, plus (b) an amount equal to any non-economic damages, not to exceed $750,000; or (2) $200,000, whichever is greater.  Tex. Civ. Prac. & Rem. Code Ann. § 41.008(b).

14.     Defendants would also show this Court that even if Plaintiff is entitled to an award of exemplary damages, which Defendants deny, any such award must be limited to a single-digit multiplier of actual or compensatory damages in order to comport with the requirements of the Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution, and Texas Constitution Article I, Sections 3, 13 and 19.

15.     An award of exemplary damages in excess of a fraction of Defendant's net worth would be improper because it would violate Defendant's right of due process as set forth in the Fourteenth Amendment of the U.S. Constitution and Texas Constitution Article I, Section 19, the Eighth Amendment of the U.S. Constitution and Texas Constitution Article I, Section 19, and Chapter 41 of the TEX. CIV. PRAC. & REM. CODE.

16.     Defendants plead that Plaintiff's own acts and/or omissions contributed to the incident and Plaintiff's injuries, if any.  Defendants, therefore, invoke the doctrine of contributory negligence and proportionate responsibility.

## PRAYER

**WHEREFORE,** Defendants pray for a take nothing judgment, for all costs and for such other and further relief, general or special, at law or in equity, to which Defendants may be entitled.

Respectfully Submitted,

**GAUNTT, KOEN, BINNEY & KIDD, L.L.P.**

_____/s/ Robert J. Collins_____
**KARL W. KOEN**
State Bar No.: 11652275
_Karl.Koen@gkbklaw.com_

**ROBERT J. COLLINS**
State Bar No.: 24031970
_Robert.Collins@gkbklaw.com_

14643 Dallas Pkwy., Suite 500
Dallas, Texas 75254
(972) 630-4620
(972) 630-4669 - Fax

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded to all of record pursuant to the Texas Rules of Civil Procedure, as indicated below, on this the 28th day of May 28, 2021.

**Via ProDoc**
Ms. Lauren Jobin
Ms. Shelly Greco
10440 N. Central Expressway, Suite 400
Dallas, TX 75231

_____/s/ Robert J. Collins_____
**ROBERT J. COLLINS**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Robert Collins on behalf of Robert Collins
Bar No. 24031970
Robert.collins@gkbwklaw.com
Envelope ID: 53913285
Status as of 5/28/2021 4:00 PM CST

Associated Case Party: BILLY SMALLEY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Samantha Hanks | | samantha.hanks@witheritelaw.com | 5/28/2021 10:15:22 AM | SENT |
| Lauren Jobin | | lauren.jobin@witheritelaw.com | 5/28/2021 10:15:22 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Robert Collins | | Robert.Collins@gkbklaw.com | 5/28/2021 10:15:22 AM | SENT |
| Karen Morris | | Karen.Morris@gkbklaw.com | 5/28/2021 10:15:22 AM | SENT |
| Karl Koen | | karl.koen@gkbklaw.com | 5/28/2021 10:15:22 AM | SENT |
| Melissa Shaffer | | Melissa.Shaffer@gkbklaw.com | 5/28/2021 10:15:22 AM | SENT |

## Case Information

DC-21-05477 | BILLY SMALLEY vs. JAMES WILLIAMS, et al

Case Number              Court                         Judicial Officer
DC-21-05477              116th District Court          PARKER, TONYA
File Date                 Case Type                     Case Status
04/29/2021               MOTOR VEHICLE                 OPEN
                         ACCIDENT

## Party

PLAINTIFF                                    Active Attorneys▾
SMALLEY, BILLY                               Lead Attorney
                                             JOBIN, LAUREN V
Address                                      Retained
C/O WITHERITE LAW GROUP
10440 N. CENTRAL EXPRESSWAY, SUITE 400
DALLAS TX 75231

DEFENDANT                                    Active Attorneys▾
WILLIAMS, JAMES                              Lead Attorney
                                             COLLINS, ROBERT
Address                                      Retained
1533 WEST 9TH STREET
ASHTABULA OH 44004

DEFENDANT                                    Active Attorneys▾
NEW PRIME, INC.                              Lead Attorney
                                             COLLINS, ROBERT
Address                                      Retained
BY SERVING IT'S REGISTERED AGENT, INCORP
SERVICES, INC.
815 BRAZOS STREET
AUSTIN TX 78701

*Tab 6*

## Events and Hearings

04/29/2021 NEW CASE FILED (OCA) - CIVIL

04/29/2021 ORIGINAL PETITION ▾

ORIGINAL PETITION

04/29/2021 JURY DEMAND ▾

JURY DEMAND

04/29/2021 ISSUE CITATION ▾

ISSUE CITATION - NEW PRIME, INC.

05/06/2021 CITATION ▾

Unserved

Anticipated Server
ESERVE

Anticipated Method
Comment
JAMES WILLIAMS

05/06/2021 CITATION ▾

Served
05/11/2021

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF COUNTY

Returned
05/18/2021
Comment
NEW PRIME, INC.

05/18/2021 RETURN OF SERVICE ▾

EXECUTED CITATION:NEW PRIME, INC.

Comment
EXECUTED CITATION:NEW PRIME, INC.

05/28/2021 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER

## Financial

SMALLEY, BILLY

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $348.00 |
| | Total Payments and Credits | | | $348.00 |
| 5/3/2021 | Transaction Assessment | | | $348.00 |
| 5/3/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 27309-2021-DCLK | SMALLEY, BILLY | ($348.00) |